## S. A. WASHBURNE ET AL. v. SELINA WHITE.

EJECTMENT.   *Title through trustee's deed.   Parol proof to show no sale.*
  Parol proof is admissible, in ejectment, to show that the land sued for was not
    sold at a trustee's sale at which the plaintiff claims to have purchased,
    although it was embraced, together with other land, in the deed of trust
    and in the trustee's deed.  If there was no sale in such case the trustee's
    conveyance could not confer title.

APPEAL from the Circuit Court of Rankin County.

HON. A. G. MAYERS, Judge.

In March, 1874, T. D. Harris executed to J. M. Jayne, as trustee, a deed of trust upon a house and lot in the town of Brandon, described as a "house and lot on the corner of Main and Jail Streets, known as the Kernaghan Lot, Section 15, Town. 5, Range 3 East," to secure payment of a debt which the grantor owed T. S. White.  On the 5th of April, 1879, the trustee, in pursuance of a sale made that day under this trust-deed, conveyed to Selina White a "house and lot and back room adjoining same, on corner of Main Street and Jail Street, in Section 15, Town. 5, Range 3 East."  The trustee's deed refers to Harris' trust-deed "by which he conveyed a certain house and lot in the town of Brandon," and

recites that he had "exposed the same to public sale, when and where said Selina White became the highest and best bidder," etc.

On the 23d of May, 1884, Selina White brought this action of ejectment to recover "all that part of the lot on the corner of Main and Jail Streets, in said town of Brandon, known as the Kernaghan Lot, Section 15, Town. 5, Range 3 East, except that part occupied by W. V. Rice as a barber shop and dental office." The defendants claimed title from Harris, but under a deed executed after that to Jayne.

At the trial the defendants offered to prove that the part of the Kernaghan Lot demanded in this suit was not sold by the trustee, Jayne, on the 5th of April, 1879, when the sale was made, in pursuance of which the deed to the plaintiff was executed. The evidence to this purpose was excluded by the court, and the defendants excepted. From a judgment in favor of the plaintiff the defendants appealed to this court.

*William Buchanan*, for the appellants.

The appellants should have been permitted to show by the parties what was sold by the trustee, Jayne, to appellee. 9 S. & M. 489.

Parol evidence is admissible for the purpose of identifying the property referred to in the instrument. 40 Miss. 483 ; 48 Miss. 550; 54 Miss. 718, 351 ; 42 Miss. 731.

*W. H. Clark*, on the same side, cited the following authorities upon the point that the court should have admitted testimony to show that the land in controversy was not sold by the trustee, viz. : *Doe* v. *Jackson*, 1 S. & M. 494; *Person* v. *Roundtree*, 8 How. 389 ; 1 Greenleaf on Ev. 297 ; 2 Wash. on Real Prop. 673 ; 4 Kent's Com. 584.

*Frank Johnston*, on the same side.

The defendants ought to have been permitted to prove that the property in controversy was never in fact sold by the trustee.

It would be as sensible to deny the competency of proof that there never had been any public sale, or any sale at all by the trustee, and that every recital in his deed was in fact untrue. Hilliard on Mortg. 141; *Fenner* v. *Tucker*, 6 R. I. 551.

*Cole & White,* for the appellee.

The rule of the inadmissibility of parol testimony to explain, vary, or contradict the meaning of a written instrument is so well established that we will only cite the following authorities: 1 Greenleaf on Ev., § 275 *et seq.*; Parsons on Contracts, Addison on Con., § 242, 364; 2 Starkie on Ev. 544–548; 1 Smith's Leading Cases 410–418; 7 S. & M. 340; Ib. 622; 41 Miss. 616; 54 Miss. 716.

The deed of trust and deed to appellee are certain on their face. The property is properly identified by plaintiff. The deeds therefore have a " valid existence and must stand as the sole expositors of the terms of the contract they evidence." 57 Miss. 615.

COOPER, J., delivered the opinion of the court.

It was error to exclude the evidence offered for the purpose of proving that all of the lot was not sold by the trustee, Jayne. He had no authority to convey except in consummation of a sale made under the deed, and if there was no sale of the portion of the lot in controversy in this suit, no title to it passed by his conveyance.                                    *The judgment is reversed.*